**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

DAVID TUNDELL,

      Plaintiff,

v.                      Case No.: 3:06cv375/MCR/MD

MERCK & CO., INC.,

      Defendant.

_____/

**O R D E R**

    Pending before the court is the motion filed by Defendant Merck & Co., Inc. ("Merck"), to vacate the court's prior order vacating Plaintiff David Tundell's notice of voluntary dismissal and dismissing his claims without prejudice. (Doc. 8). After considering the arguments of counsel, both in writing and at oral argument, and the relevant case law, the court grants Merck's motion and reinstates Tundell's notice of voluntary dismissal.

**Background**

    Tundell initially filed his case against Merck in state court on May 22, 2006 ("the state court case").  On September 1, 2006, he voluntarily dismissed that action and filed a similar action in this court ("the federal court case").[1]  (Doc. 1).  On September 20, 2006, Merck filed its answer and affirmative defenses in the state court case, apparently unaware that Tundell had voluntarily dismissed that case.  After receiving Merck's answer and affirmative defenses, Tundell's counsel assumed that the state court case was still pending and that Merck had consented to the state court's jurisdiction.  Tundell therefore responded by voluntarily dismissing the federal court case under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.  (Doc. 4).  Instead of proceeding in the state court case, however,

---

[1]  The state and federal court cases both concerned Tundell's claims against Merck for injuries he allegedly sustained from using Fosamax, a prescription drug created by Merck.  The state court case differed in that it contained additional claims against four individuals who had been involved in marketing, promoting, selling, and/or distributing Fosamax in the state of Florida.  (Doc. 8-2).  The two cases also differed slightly in the number of counts and causes of action asserted.

Tundell filed suit in the Southern District of New York.  Merck then filed a motion in that court to dismiss Tundell's suit based on the two-dismissal rule.  See Fed.R.Civ.P. 41(a)(1)(B).  Tundell responded by filing a motion in this court to vacate his notice of voluntary dismissal and to enter a court order dismissing his claims without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure.[2]  (Doc. 6).  The court granted Tundell's motion after receiving no response from Merck.  (Doc. 7).  Merck has now filed the pending motion to vacate in which it asks the court to reconsider and vacate its prior order and reinstate Tundell's voluntary dismissal.  (Doc. 8).

**Discussion**

Tundell's motion to vacate his voluntary dismissal was filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  In its motion for reconsideration, Merck argues that the court's order granting Tundell's motion to vacate was improper under Rule 60(b) because the motion was untimely under Rule 60(b)(1) and in any event failed to present "exceptional circumstances", which are necessary to obtain relief under Rule 60(b)(6).[3]  In response, Tundell argues that his notice of voluntary dismissal was an interlocutory proceeding and thus the court had the inherent power to amend it irrespective of Rule 60(b).  Alternatively, Tundell argues that to the extent his motion was governed by Rule 60(b), the court's order was proper under Rule 60(b)(6).

A district court has the power pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to vacate or set aside a "final judgment, order, or proceeding" in certain enumerated situations when "such action is appropriate to accomplish justice."  See Fed.R.Civ.P. 60(b); Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citing Klapprott v. United States, 335 U.S. 601, 615, 69 S.Ct. 384, 93 L.Ed. 266 (1949)).  Rule 60(b)(1) provides that a final judgment may be set aside upon a showing of mistake, inadvertence, surprise, or excusable neglect.  Fed.R.Civ.P. 60(b)(1).  A motion under this

---

[2] By converting his notice of voluntary dismissal under Rule 41(a)(1)(i) into a court-ordered dismissal without prejudice under Rule 41(a)(2), Tundell's claims would no longer be subject to the two-dismissal rule under Rule 41(a)(1)(B).

[3] The parties agree that these are the only two potentially applicable provisions of Rule 60.

subsection must be brought within one year "after the entry of the judgment or order or the date of the proceeding."[4]  Fed.R.Civ.P. 60(c)(1).  A final judgment may also be set aside pursuant to Rule 60(b)(6) for "any other reason that justifies relief."  Fed.R.Civ.P. 60(b)(6). A motion to vacate under this subsection must be brought "within a reasonable time". Fed.R.Civ.P. 60(c)(1); see also Damiano v. F.D.I.C., 104 F.3d 328, 332 n.4 (11th Cir. 1997) ("[Rule 60(b)(6)] has no strict time limitation of a jurisdictional nature.").

As a threshold matter, it is not readily apparent that the court had jurisdiction under Rule 60(b) to consider Tundell's motion to vacate because a notice of voluntary dismissal seemingly does not constitute a "final judgment, order, or proceeding" as it is effective without any court action.[5]  See Ajiwoju v. Cottrell, 245 Fed.Appx. 563, 565 (8th Cir. 2007) (holding that a district court lacks jurisdiction under Rule 60(b) to vacate a stipulation of dismissal which is effected without court order and thus does not constitute a final order or judgment).  The Eleventh Circuit, however, has considered a Rule 60(b) motion to vacate a notice of voluntary dismissal, albeit with no discussion of the jurisdictional question.  See Olmstead v. Humana, Inc., 154 Fed.Appx. 800 (11th Cir. 2005).[6]  A number of other courts have also considered Rule 60(b) motions to vacate notices or stipulations

---

[4]  The time limit for Rule 60(b)(1) is jurisdictional; a court may not extend the time to file a motion under this section beyond one year, even if the delay in filing is reasonable.  See Brandon v. Chicago Bd. of Educ., 143 F.3d 293, 295-96 (7th Cir. 1998) (quoting Wesco Products Co. v. Alloy Auto. Co., 880 F.2d 981, 983 (7th Cir.1989)).

[5]  Tundell's notice of voluntary dismissal was filed pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure which provides that a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment". Fed.R.Civ.P. 41(a)(1)(A)(i).  A dismissal under this rule is "effective immediately . . . and no subsequent court order is required."  Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990) (citing J. Moore, Moore's Federal Practice ¶ 41.02[2] (1988)).  A dismissal under this rule is without prejudice, unless the notice of dismissal states otherwise.  Fed.R.Civ.P. 41(a)(1)(B).  If the plaintiff, however, has "previously dismissed any federal- or state-court action based on or including the same claim, [the] notice of dismissal operates as an adjudication on the merits."  Id.

[6]  In Olmstead, the plaintiff filed a notice of dismissal without prejudice on January 26, 2004. Olmstead, 154 Fed.Appx. at 802.  Even though this notice was filed pursuant to Rule 41(a)(1) and thus did not require court order to be effective, the district court entered an order on January 27, 2004, directing the clerk of court to close the case and terminate all pending motions.  See id.  In reviewing the timeliness of the plaintiff's Rule 60(b) motion, the Eleventh Circuit calculated the time from the district court's unnecessary order dismissing Olmstead's civil action on January 27, 2004, rather than from plaintiff's notice of dismissal filed the previous day.  Id. at 805.

of dismissal when made by the plaintiff.  See, e.g., Warfield v. Alliedsignal TBS Holdings, Inc., 267 F.3d 538, 542-43 (6th Cir. 2001); Smith v. Phillips, 881 F.2d 902, 904 (10th Cir. 1989); Randall v. Merrill Lynch, 820 F.2d 1317, 1320 (D.C.Cir. 1987); McCall-Bey v. Franzen, 777 F.2d 1178, 1190 (7th Cir. 1985); Bell v. Hadley, 2006 WL 572329 *1 (S.D.Ala. Mar. 7, 2006); Beaver v. Prudential Ins. Co. of Am., 1995 WL 670119 (D.Kan. Oct. 20, 1995).  Because the court finds that, even if it had jurisdiction to consider Tundell's motion to vacate, its grant of relief under Rule 60(b) was improper, it need not reach this jurisdictional issue.

Assuming the court had jurisdiction to consider Tundell's motion to vacate under Rule 60(b), the only two potentially applicable provisions of that rule are subsections (b)(1) and (b)(6).  Tundell's reason for seeking to have this court vacate his notice of voluntary dismissal was his mistaken assumption that the state court action had not been dismissed based on the defendant's filing of an answer, despite Tundell's previously filed notice of voluntary dismissal of that action.[7]  A "mistake" is one of the bases for relief under Rule 60(b)(1).  Rule 60(b)(1) affords plaintiff no relief, however, because it is undisputed he did not file his motion to vacate within one year of his Rule 41(a)(1)(A)(i) dismissal.  His only potential option for relief then is Rule 60(b)(6).  This rule, however, likewise affords plaintiff no relief because courts in this circuit may not grant relief under Rule 60(b)(6) for "any reason which the court could consider under [Rule 60](b)(1)"; the two rules are "mutually exclusive".  Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) (quoting Solaroll Shade and Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1133 (11th Cir. 1986) (internal quotation marks omitted)); see also United States v. One Million Four Hundred Forty-Nine Thousand Four Hundred Seventy-Three Dollars and Thirty-Two Cents ($1,449,473.32) in United States Currency, 152 Fed.Appx. 911, 912 (11th Cir. 2005) (citations omitted) (noting that Rule 60(b)(6) cannot be used to subvert the one-year timeliness requirement of Rule 60(b)(1)).  Because neither Rule 60(b)(1) nor Rule 60(b)(6) provided a proper basis for the court's prior order vacating plaintiff's notice of voluntary

---

[7] No other reason has been given.

dismissal, the court had no authority to order dismissal of plaintiff's claims without prejudice under Rule 41(a)(2).[8]

Accordingly, it is ORDERED that Defendant's Motion to Vacate Dismissal Without Prejudice and Reinstate Notice of Voluntary Dismissal (doc. 8) is GRANTED.  The court's order of October 29, 2007, (doc. 7) is vacated.  Plaintiff's Notice of Voluntary Dismissal (doc. 4) and the Clerk's Dismissal Without Prejudice (doc. 5) are reinstated.  The Clerk of Court is directed to CLOSE this case.

**DONE and ORDERED** this 9th day of June, 2008.


s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[8]  The court rejects Tundell's argument that it had the inherent power to modify Tundell's notice of voluntary dismissal because the action constituted an interlocutory proceeding.  Tundell has not identified, and the court's own research has not disclosed, any court which has adopted such an argument.  If the court is to uphold its order granting Tundell's motion to vacate, it must do so pursuant to Rule 60(b).

Case No.: 3:06cv375/MCR/MD